## TAYLOR et ux. v. ATLANTA LIFE INS. CO.

### No. 12745.

Court of Civil Appeals of Texas. Dallas.

June 3, 1939.

Rehearing Denied July 1, 1939.

Harvey C. Ford and Floyd W. Snow, both of Dallas, for appellants.

Taylor, Irwin & Irwin, of Dallas, for appellee.

BOND, Chief Justice.

This suit was instituted by appellants to recover upon a policy of insurance issued on the life of Flay W. Tyler, by the Atlanta Life Insurance Company. The insured died on July 10, 1936, and on August 21, 1936, the beneficiary, Rachel Taylor, made proof of death, or claim, within the terms of the policy, containing answers to questions, material here: (1)

That the insured died on July 10, 1936; (2) that her death was caused by pneumonia; (3) that she had been confined to house by last sickness "two weeks"; and (4) that "her health was first affected two weeks prior to death". Attached to the claim, as required by the insurer, on form furnished by it, was the certificate of its district agent, or superintendent, J. H. Mackey, that he had personally investigated the particulars of claimants' proof of death, or claim, as presented, and in response to question, "(10) Do you consider the claim a just one?", he answered "Yes".

■ The policy provides: "3. Effective. This policy shall not take effect if the insured die before the date hereof; or if on such date the insured be not in sound health; but in either event, the premiums paid hereon, if any, shall be returned." On findings of the jury, which are fully supported by evidence, the policy was delivered on June 29, 1936, and the amount payable under its terms was $50. The jury also found that the insured was in "sound health" at the time the policy was delivered; that is, she was "free from disease or ailment that affects the general soundness and healthfulness of the system seriously, * * * and not affected with a disease or bodily infirmity of a substantial nature which affects the insured's general health, or which materially increases the risk to be assumed by the insurer". (Court's charge).

On the above jury findings, that the insured was in "sound health" at the time of the delivery of the policy on June 29, 1936, eleven days before her death, which apparently was in conflict with claimants' "proof of death" that the insured was confined to house by last sickness "two weeks" and her health was affected "two weeks prior to death", or fourteen days prior to her death, July 10, 1936, the trial court entered judgment for the Insurance Company.

Plaintiffs pleaded the policy and a compliance with the provisions as to furnishing proof of death, or claim. Defendant answered by general demurrer and general denial, and specially alleged that at the time of the delivery of the policy, the insured was not in sound health within the terms and conditions of the policy, and, the Company's liability being expressly limited to a return of premiums paid, tendered the premiums into court. Plaintiffs, by supplemental petition, entered a

general denial to defendant's answer and specially alleged that "At the time of the issuance, date and delivery of said insurance policy under which recovery is sought, the insured, Flay Willie Tyler, was alive and in sound health and was not suffering from any disease or ailment of any nature". There were no other allegations affecting claimants' "proof of death", or the statement therein that insured was confined to house and her health affected by last sickness "two weeks prior to death".

■ It is the contention of appellee that under the pleadings and evidence, the claimants having furnished "proof of death", stating deceased's health was affected by disease, from which she died, "two weeks prior to her death", and confined to house by last sickness for "two weeks", and that the jury having found the policy was delivered on June 29, 1936, only eleven days before insured's death, the insurer had a right to rely upon such statements in refusing payment, and such statements precluded claimants' right to benefits under the policy, which otherwise were due her. We do not think so.

■ The pleading and evidence clearly raised the issue as to the condition of insured's health at the time of the delivery of the policy and, while the statement that she was confined to house with illness, "two weeks prior to her death", may be considered in evidence as a declaration against interest, we do not think it can be said, as a matter of law, such statement is conclusive against the record. It will be observed that, by giving claimants' statement a literal interpretation—"two weeks" means fourteen days—the margin of liability is narrow, only extending over a period of two or three days. However, the jury having found that the insured was in sound health at the date of the policy, June 29, 1936, only eleven days prior to death of insured on July 10, 1936, which finding is supported by evidence, we think the expression "two weeks", employed in the preliminary claim, was only a relative term, not so calculated to exactness as to preclude evidence of the true condition of the health of deceased at the time the policy was delivered. Much testimony is in the record that, at the time the policy was delivered, the insured was of sound health and not confined to the house. Appellee's agent, or superintendent, considered the claim a just one, and so reported to the insurer. Therefore, we

think the insurance carrier was not justified, under the record, in refusing the claim on the preliminary statement of the beneficiary; and, on findings of the jury, and agreement in the record that $25 is a reasonable attorney fee, judgment should have been rendered for the plaintiff for $50 benefits, 12% statutory penalty, and $25 attorney's fee. Accordingly, the judgment of the court below is reversed and judgment here rendered for plaintiffs (appellants) against defendant (appellee) for the sum of $81, with 6% interest from April 26, 1938, date of judgment, until paid, and all cost of suit.

Reversed and judgment here rendered.